IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORDAN SCOTT MONTGOMERY,

                Plaintiff,                OPINION AND ORDER

v.

                                                  23-cv-740-wmc

MICHELLE KING,
Acting Commissioner of Social Security

                Defendant.

---

Representing himself, plaintiff Jordan Scott Montgomery brings this civil action under 42 U.S.C. § 405(g) seeking review the Social Security Appeals Council's decision to deny his request for review. Before this court is defendant's motion to dismiss or, in the alternative, for summary judgment. (Dkt. #7.) For the following reasons, the court will grant defendant's motion.

UNDISPUTED FACTS[1]

On November 23, 2022, an administrative law judge issued a decision denying Montgomery's claims for disability insurance benefits and supplemental security income. (Dkt. #1-1.) Montgomery timely appealed this denial and on August 17, 2023, the Appeals Council denied his review. (Dkt. #1-2.) The Appeals Council's denial specifically advised Montgomery that he had sixty days from receipt of its notice of denial to file a civil action for review. *Id.* Sixty-two days later, on October 18, 2023, Montgomery began to research where he must file his civil action. (Dkt. #10.) On October 20, 2023, Montgomery

---

[1] As the parties have both submitted supporting affidavits, the court will examine this motion under the standards for summary judgment. Unless otherwise noted, the court finds the following facts to be material and undisputed.

sent copies of his lawsuit by certified mail to three addresses, including this court. (*Id.*) The court received and filed this civil action on October 24, 2023, some 68 days after receipt of the Appeals Council's denial. (Dkt. #1.)

OPINION

The court may grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether to grant summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A factual dispute can preclude summary judgment, but only if the "facts might affect the outcome of the suit under the governing law." *Id.* at 248. The party moving for summary judgment carries the initial burden of showing that there is no genuine issue of material fact and that it is entitled to relief. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

I. **Plaintiff's Complaint is Untimely**

Under 42 U.S.C. § 405(g), a Social Security claimant may obtain judicial review of any final decision of the agency by filing a civil action within sixty days following notice of the agency's decision. The date of receipt of an Appeals Council action is presumed to be five days after the date of such notice, unless shown otherwise. 20 C.F.R. § 404.901.

There is no genuine dispute of material fact that plaintiff filed this lawsuit late, albeit by just one day. The Appeals Council sent a notice denying plaintiff's request for review on August 17, 2023. As a result, plaintiff is presumed to have notice of the decision

2

five days later, on August 22, 2023. Plaintiff has neither claimed nor shown that he did not receive the notice within the presumptive five-day period. Thus, plaintiff had until October 21, 2023, to file his lawsuit. Since that date fell on a weekend, plaintiff had until the next business day--Monday, October 23, 2023--to file his complaint. Fed. R. Civ. P. 6(a)(1)(C). Since this lawsuit was filed on October 24, 2023 -- one day late -- the civil action was not timely filed.

## II. Plaintiff is not Entitled to Equitable Tolling

Despite being untimely, there remains a question whether plaintiff is entitled to equitable tolling, particularly given a one day delay. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling "aids plaintiffs who, because of disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time. It does not provide aid to those plaintiffs who fail to research the requirements of bringing a lawsuit." *Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996) (internal citation and quotations omitted); s*ee also Cada v. Baxter Health Care Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (A plaintiff is only entitled to equitable tolling of a statute of limitations "if, *despite all due diligence*, he is unable to obtain vital information bearing on the existence of his claim.") (emphasis added).

Unfortunately, plaintiff has not alleged any facts nor provided any evidence that he was misled by the Appeals Council and points to nothing other than his *pro se* status as

3

grounds for a failure to file this action timely. A *pro se* litigant's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). However, a plaintiff's *pro se* status at the time of filing does not, standing alone, excuse compliance with procedural rules or justify equitable tolling. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

Nor does the fact that plaintiff's lawsuit is late by just one day influence this analysis. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding that a pleading filed one-day late was untimely, while explaining that "[f]oreclosing litigants from bringing their claims because they missed the filing deadline . . . may seem harsh, but courts have to draw lines somewhere [because] statutes of limitation protect important social interests"); *Wilson v. Doctors Hosp. of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996) (dismissing pro se plaintiff's complaint filed one day after the statutory deadline); *Berg v. Bowen*, 699 F. Supp. 184, 184-85 (S.D. Ind. 1988) (dismissing a social security complaint filed two days later than the limitation period where the plaintiff provided no showing that the notice of denial was not received within the presumptive five-day period and failed to show any facts warranting equitable tolling of the limitations period). A *pro se* plaintiff's miscalculation of the limitations period likewise fails to constitute grounds for tolling, because principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

4

Having found that the civil action was not timely filed and plaintiff has proffered no basis for equitable tolling, the court concludes that defendant is entitled to summary judgment as to this action.

ORDER

IT IS ORDERED that:

1) Defendant's motion to dismiss or, in the alternative, for summary judgment (dkt. # 7) is GRANTED.

2) The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 29th day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5